229 F.Supp.2d 935 (2002)
UNITED STATES of America, Plaintiff,
v.
Leroy EASON, et al., Defendants.
No. 4:01 CR 476 CAS DDN.
United States District Court, E.D. Missouri, Eastern Division.
September 11, 2002.
*936 Paul J. D'Agrosa, William J. Ekiss, Wolff and D'agrosa, Gregory G. Fenlon, Fenlon and Fenlon, St. Louis, MO, for Defendant.
Antoinette Decker, Office of U.S. Attorney, St. Louis, MO, for U.S.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court on the motion of the United States for disclosure of handwritten communications passed to each other by defendants Leroy Eason and Marcus Carl Davis.
The government's motion relates without factual dispute that during the suppression hearing held in this action before the undersigned on July 31, 2002, defendants Eason and Davis were seen at counsel table writing on a legal pad which they passed back and forth between themselves. At the time of the hearing defendant Eason was detained in the custody of the United States Marshal; defendant Davis was free on conditions of release. At the end of the hearing, as the participants were preparing to disperse and the deputy Marshals were preparing to take defendant Eason to the holding cell, counsel for the government requested permission to obtain possession of or read the defendants' written notes. At that time, the defendants objected. The court thereupon ordered the Clerk to take custody of the two pages and to file them under seal. This was done. The court gave the government until August 12 to file a written motion setting forth its legal basis for disclosure of the notes. The court also gave defendants an opportunity to respond. (Doc. No. 271.)
In its motion, the government requests release of the notes or copies thereof. Citing Fed.R.Evid. 801(d)(2) (admission by party opponent), the government theorizes that the notes are unprivileged written assertions which, if relevant, could be offered against defendants at trial. Moreover, the government argues that the factual circumstances indicate that "the notes refer to the testimony offered at the hearing or some more general discussion of the case," that a "definite possibility" exists that defendants were conspiring to obstruct justice or falsify evidence, and that the notes may be circumstantial evidence of the existence of a conspiracy. In addition, the government asserts there could be no expectation that the notes would remain private, and it urges the court to conduct an in camera inspection of the documents to determine their discoverability. (Doc. No. 283.)
Federal Rule of Criminal Procedure 16, regarding the discovery and inspection of evidence in the hands of the government and the defense, is not relevant to the government's request. "By its literal terms, Rule 16 does not require the defendant to disclose anything to the Government before trial." United States v. Hicks, 103 F.3d 837, 840 (9th Cir.1996). "The Government's right of discovery arises only after the defendant has successfully sought discovery ... and is confined to matters which the defendant intends to produce at the trial." United States v. Nobles, 422 U.S. 225, 235, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) (internal quotes omitted). Defendants' notes do not fall within any of the categories specified by Rule 16(b)(1)(A)-(C). See Fed. R.Crim.P. 16(b)(1)(A) (documents and tangible objects defendant "intends to introduce as evidence in chief at trial"); Fed. *937 R.Crim.P. 16(b)(1)(B) (reports of examinations and tests defendant "intends to introduce as evidence in chief at trial" or which were prepared by a witness whom defendant intends to call at trial when results or reports relate to witness's testimony); Fed.R.Crim.P. 16(b)(1)(C) (description of expert witnesses' opinions and qualifications).
Rule 16(b)(2) specifically provides that
[e]xcept as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant ... in connection with the investigation or defense of the case, or of statements made by the defendant, or by government or defense witnesses, or by prospective government or defense witnesses, to the defendant, the defendant's agents or attorneys.
Fed.R.Crim.P. 16(b)(2).
However, the government's original oral request in the courtroom for production of the defendants' notes can be analogized to a subpoena for the production of documentary evidence under Federal Rule of Criminal Procedure 17(c). Rule 17(c) provides[1] a vehicle by which the government can implement the public duty to provide evidence, cf., Branzburg v. Hayes, 408 U.S. 665, 688-89, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), limited by the court's determination of whether the production would be "unreasonable or oppressive." Fed.R.Crim.P. 17(c).
The undersigned has examined the subject note pages in camera off the record and finds that the subject matter of the document is a handwritten conversation between defendants Eason and Davis. Eason is currently in the custody of the Marshals Service. The conversation memorialized on the pages may implicate the security of defendant Eason's incarceration.
In United States v. Williams, 951 F.2d 853 (7th Cir.1992), the defendant passed a note to her brother, then also in custody, during an in-court proceeding. When she handed the note to her brother, she was overheard saying, "hide it, don't let them see it." A deputy marshal then asked the brother for the note, at which time he put it in his mouth and began chewing. He eventually was forced to spit out the note, which described in detail how the brother should testify in the case. See id. at 855. The defendant in Williams argued that the note was taken from her brother as a result of an illegal search and seizure. The Seventh Circuit disagreed, holding that the marshals had a legitimate interest in reading the note because it could relate to escape plans. See id. at 856.
Further, the Eason-Davis conversation clearly discusses the government's case and demonstrates an ongoing relationship between the two defendants. Nothing in the circumstances of the communications appears to implicate the attorney-client privilege and nothing in the record has been demonstrated to involve the Fourth Amendment or the Fifth Amendment privilege against self-incrimination.
For these reasons,
IT IS HEREBY ORDERED that the motion of the government for release of notes (Doc. No. 283) is sustained. The Clerk shall, after the passage of ten days from this date (unless an appeal from this order is made to District Judge Charles A. Shaw), unseal the subject documents for the purpose of photocopying same, provide *938 copies of such to counsel for defendants Eason and Davis and to counsel for the government, and reseal the original documents until further order.
NOTES
[1] Absent contrary action by Congress, effective December 1, 2002, Rule 17(c) will undergo amendments that are not relevant to the current issues, even if those amendments were now in effect. See Federal Criminal Code and Rules, Proposed Amendment of Rule, at 124-25 (Thomson West Group 2d rev. ed.2002).